UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CENTRAL TRANSPORT INTERNATIONAL INC.,

      Plaintiff,

v.                                    Case No. 06-CV-11913-DT

ALCOA, INC.,

      Defendant.

---

**OPINION AND ORDER GRANTING "PLAINTIFF CENTRAL TRANSPORT INTERNATIONAL, INC.'S MOTION TO DISMISS COUNTS II AND III OF DEFENDANT ALCOA, INC.'S COUNTERCLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)"**

Pending before the court is Plaintiff Central Transport International's ("CTI's") July 20, 2006 motion to dismiss Counts II and III of Defendant Alcoa, Inc.'s ("Alcoa's") Counterclaim. The court has reviewed the briefing in this matter and heard argument on the motion during a September 19, 2006 hearing. For the reasons stated below, the court will grant Plaintiff's motion.

**I. BACKGROUND**

CTI is an interstate motor carrier providing transportation services for purposes of 49 U.S.C. §§ 10101 *et seq.* On or around November 15, 2004, Alcoa tendered a gearbox to CTI at CTI's Massena, New York facility. (Pl.'s Compl. at ¶ 6.) CTI was to transfer this gearbox from Massena, New York to consignee Lock-N-Stitch located in Turlock, California. (*Id.* at ¶ 7.) CTI claims to have delivered the gearbox on November 24, 2004. (*Id.* at ¶ 8.) Alcoa alleges that CTI never delivered the gearbox to Lock-N-Stitch, but instead delivered a package of saw blades that Lock-N-Stitch signed for

when it arrived. (Def.'s Mot. Br. ¶ 3-4.) Alcoa further alleges that Lock-N-Stitch discovered the mistake, informed the parties, and had CTI pick up and redeliver the saw blades. (*Id.* at ¶ 5-6.) Alcoa claims CTI looked for the gearbox, suggested that it may have been sold to a third party, and later concluded that the gearbox was lost. (*Id.* at ¶ 8-9.) The parties agree that Alcoa filed a Cargo Loss and Damage Claim on January 10, 2005. (Pl.'s Compl. at ¶ 9; Def.'s Countercl. at ¶ 14.) CTI did not pay the claim. (Def.'s Countercl. at ¶ 22.) Alcoa subsequently made a demand against CTI for $100,000 under the parties' transportation contract ("Contract"). (*Id.* at ¶ 16; Pl.'s Compl. at ¶ 10.) CTI responded by filing an action in this court requesting a declaration that Alcoa's claim for damages is limited to the value of the freight, which CTI alleges is $35,000, (Pl.'s Compl. at ¶ 12), and that CTI is not liable to Alcoa for the loss because the loss did not occur while the gearbox was in CTI's possession, (*id.* at ¶ 18).

In its answer, Alcoa asserted three counterclaims against CTI. Count I alleges CTI violated the Carmack Amendment to the Interstate Commerce Act, 28 U.S.C. § 14706; Count II is a conversion claim; and Count III asserts a breach of contract claim. (Def.'s Countercl. at 10-11.) CTI now moves to dismiss Counts II and III under Federal Rule of Civil Procedure 12(b)(6).

## II. STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*,

87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995). A motion to dismiss may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Pratt v. Ventas, Inc.,* 365 F.3d 514, 519 (6th Cir. 2004) (internal quotation marks and citation omitted). When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations. *Wright*, 58 F.3d at 1138; *Columbia Natural Resources, Inc.*, 58 F.3d at 1109.

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *LRL Prop. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1100-01 (6th Cir. 1995). The complaint must give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994); *Johnson v. City of Detroit*, 319 F. Supp. 2d 756, 759-60 (E.D. Mich. 2004).

"In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard*, 76 F.3d at 726 (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken into account." *Amini v. Oberlin*

3

*College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (citing *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

### III.  DISCUSSION

#### A.  Count III - Breach of Contract

The Carmack Amendment provides the exclusive remedy against an interstate common carrier for breach of a carriage contract.  49 U.S.C. § 14706; *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913) ("Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it."); *W.D. Lawson & Co. v. Penn Cent. Co.*, 456 F.2d 419, 421 (6th Cir. 1972) (finding shipper's suit for damages arising out of the carrier's violation of its carrier's contract preempted by the Carmack Amendment).  The Carmack Amendment imposes full liability upon a carrier for actual loss or injury to property.  *Carmana Designs, Ltd. v. N. Am. Van Lines, Inc.*, 943 F.2d 316, 319 (3d Cir. 1991).  However, a carrier may limit its liability "to a value established by written or electronic declaration of the shipper, or by written agreement between the carrier and shipper if that value would be reasonable under the circumstances surrounding the transportation."  49 U.S.C. § 14706(c)(1)(A).  The Carmack Amendment preempts not only state law causes of action, but also federal common law causes of action.  *Cleveland v. Beltman N. Am. Co.,* 30 F.3d 373, 377-78 (2nd Cir. 1994).

Alcoa contends that the pre-1996 case law CTI cites to establish preemption are inapplicable because they predate the current 49 U.S.C. § 14101.  (Def.'s Resp. at 11.)  However, courts have recently held that state law claims, including breach of contract

claims, are preempted by the Carmack Amendment. *See New Process Steel Corp. v. Union Pacific R.R. Co.*, No. 02-20827, 2003 WL 22533559, *3 (5th Cir. Nov. 10, 2003) (citing *Hoskins v. Bekins Van Lines*, 343 F.3d 769 (5th Cir. 2003)). Notably, the Eleventh Circuit stated that "[w]hile we agree that situations may exist in which the Carmack Amendment does not preempt all state and common law claims, including ones for outrage, only claims based on conduct separate and distinct from the delivery, loss of, or damage to goods escape preemption." *Smith v. UPS*, 296 F.3d 1244, 1248-49 (11th Cir. 2002). Similarly, the First Circuit has stated that

> [W]e find that all state laws that impose liability on carriers *based on the loss or damage of shipped goods* are preempted. A state law "enlarges the responsibility of the carrier for loss or at all affects the ground for recovery, or the measure of recovery," where, in the absence of an injury separate and apart from the loss or damage of goods, it increases the liability of the carrier. Preempted state law claims, therefore, include all liability stemming from damage or loss of goods, liability stemming from the claims process, and liability related to the payment of claims.

*Rini v. United Van Lines, Inc.*, 104 F.3d 502, 506 (1st Cir. 1997) (emphasis in original). Alcoa's claim for breach of contract does not arise from conduct separate and distinct from the loss of the gearbox. Rather, they depend on the exact same facts which form the basis of the Carmack Amendment claim.

Alcoa contends 49 U.S.C. § 14101(b)(1) prevents the Carmack Amendment from preempting its breach of contract claim. Section 14101 allows a carrier to enter into a contract with a shipper to opt out of the Carmack Amendment's default rules:

> If the shipper and carrier, in writing, expressly waive any or all rights and remedies under this part for the transportation covered by the contract, the transportation provided under the contract shall not be subject to the waived rights and remedies and may not be subsequently challenged on the ground that it violates the waived rights and remedies.

5

49 U.S.C. § 14101(b)(1).  Alcoa argues that under § 14101, the parties' Contract allows Alcoa to bring a breach of contract claim despite the Carmack Amendment.  (Def.'s Resp. at 9.)  As a result, Alcoa contends the Carmack Amendment does not preempt its breach of contract claim which must be analyzed under Pennsylvania law.  (*Id.*)  Alcoa goes on to claim it has satisfied its burden to provide a prima facie case for breach of contract under Pennsylvania law.  (*Id.* at 9-10.)  CTI argues that it is disingenuous for Alcoa to argue in Count I of its counterclaim that the Carmack Amendment applies, and in Count III that it does not apply.  However, legal inconsistencies are not fatal, and read in the light most favorable to Alcoa, it did plead these counts in the alternative.[1]  Nonetheless, Alcoa's argument fails for another reason.

"Section 14101 essentially permits parties to avoid liability under the Carmack Amendment when they 'in writing, expressly waive any or all rights' thereunder." *Midamerican Energy Co. v. Start Enterprises, Inc.*, 437 F. Supp. 2d 969, 972 (S.D. Iowa 2006) (quoting 49 U.S.C. § 14101(b)(1)).  However, Alcoa does not point to any express waiver of the Carmack Amendment, and a review of the Contract reveals none.  Alcoa highlights the fact that the Contract contains a choice of law clause in favor of Pennsylvania, (Def.'s Mot. Br. at 9), but courts have held that choice of law clauses are not "sufficiently explicit to express an intent to avoid the rights and remedies of the Carmack Amendment."  *Midamerican*, 437 F. Supp. 2d at 973 (citing *Celadon Trucking Servs., Inc. v. Titan Textile Co. Inc.*, 130 S.W.3d 301 (Tex. Ct. App. 2004)); *see also*

---

[1] In its counterclaim, Alcoa asks for an array of damages, and then states "or, in the alternative, should the Court conclude that Alcoa's damages are limited by the Contract *or by operation of law*, to the maximum amounts provided by the Contract." (Def.'s Countercl. at 12 (emphasis added).)

*Gulf Rice Arkansas, LLC v. Union Pacific R.R. Co.*, 376 F. Supp. 2d 715, 719 (S.D. Tex. 2005) ("[E]ven when the shipper and carrier have contracted for specific rates and conditions, it has been stated that the Carmack Amendment still preempts all state and common law claims for breach of contract and negligence for goods damaged or lost by carriers."); *Travelers Indemnity Co. of Illinois v. Schneider Specialized Carriers, Inc.*, No. 04-5307, 2005 WL 351106 *5 (S.D.N.Y. Feb. 10, 2005) (finding that provisions in a contract "setting forth the rates and procedures for handling cargo liability claims" were insufficient to show the parties intended to waive the rights and remedies provided under the Carmack Amendment). Because Alcoa has failed to show waiver of the Carmack Amendment, its breach of contract claim is preempted and must be dismissed.

### B.  Count II - Conversion

Alcoa admits that the Carmack Amendment generally preempts state law claims. (Def.'s Resp. at 11-12.) However, Alcoa points to an exception to this rule adopted by a number of federal courts, for cases of "true conversion." (*Id.*) While the First Circuit states that nearly all state claims against a carrier for lost or damaged goods are preempted by the Carmack Amendment, they recognize that liability for separate harms, apart from the loss or damage of goods, is not preempted. *Rini*, 104 F.3d at 506. Accordingly, claims for "true conversion," where the carrier appropriates the property for its own use or gain, are not preempted. *Glickfeld v. Howard Van Lines, Inc.*, 213 F.2d 723, 727 (9th Cir. 1954); *Schultz v. Auld*, 848 F. Supp. 1497, 1502 (D. Idaho 1993).

Alcoa does not allege, however, that CTI is actually responsible for a true conversion. Alcoa only asserts that "CTI took possession of, likely sold, and benefited from the sale of Alcoa's 'gearbox.'" (Def.'s Resp. at 13.) "[I]n order to recover against a

carrier, the plaintiff must present 'evidence of conversion by the defendant itself for its own use.'" *Nippon Fire & Marine Ins. Co. v. Holmes Transp. Inc.*, 616 F. Supp. 610, 611 (S.D.N.Y. 1985) (citations omitted). The *Nippon* Court refused to apply a presumption of conversion merely from non-delivery. *Id.* at 612. Additionally, it is not sufficient to allege conversion by the carrier's employees because "while the carrier may have been guilty of negligence in the selection of its employees, it has not been unjustly enriched, nor has it been guilty of any misconduct." *Glickfeld*, 213 F.2d at 727 (citing *Moore v. Duncan*, 237 F. 780, 783-84 (6th Cir. 1916)).

Alcoa has not, at this point, made an allegation of true conversion, and its conversion claim is therefore preempted by the Carmack Amendment. However, if Alcoa is able to find evidence of true conversion through discovery, the court will allow Alcoa to amend its counterclaim to add a conversion count.

## IV.  CONCLUSION

IT IS ORDERED that Plaintiff CTI's July 20, 2006 "Motion to Dismiss Counts II and III of Defendant Alcoa, Inc.'s Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6)" [Dkt. # 13] is GRANTED. Specifically, Count II of Defendant's Counterclaim is DISMISSED WITHOUT PREJUDICE and Count III of Defendant's Counterclaim is DISMISSED WITH PREJUDICE.

                                            s/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated:  September 29, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2006, by electronic and/or ordinary mail.

                                          s/Lisa G. Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522